IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney Kinard, | Civil Action No. 3:10-cv-129-RMG-JRM |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision to deny benefits.

## Background

The Magistrate Judge issued a Report and Recommendation recommending that the decision of the Commissioner denying benefits be affirmed. (Dkt. No. 11). Plaintiff has failed to object. Plaintiff's claim for disability benefits arises out of an accident wherein both his heels were crushed during a fall from a ladder. Plaintiff claims that he is unable to work as a result.

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46

L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v.*

*Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

### Law/Analysis

This Court has reviewed the Record and the Magistrate's Report and Recommendation for any errors of laws. Having found none, this Court has explained below why affirmance is warranted.

A.   Treating Physician

Plaintiff argues that the ALJ erred in disregarding the opinion of his treating physician (Dr. Borucki) that he had the RFC for less than the full range of sedentary work. It is well established that the medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir.1992)).

Under § 404.1527, if the ALJ determines that a treating physician's opinion is not entitled to controlling weight, he must consider the following factors to determine the weight to be afforded the physician's opinion: (1) the length of the treatment relationship

3

and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; and (5) whether the physician is a specialist in the area in which he is rendering an opinion. 20 C.F.R. § 404.1527(d). Social Security Ruling 96-2p provides that an ALJ must give specific reasons for the weight given to a treating physician's medical opinion. SSR 96-2p.

The ALJ's decision to discount Dr. Borucki's opinions is supported by substantial evidence. Dr. Borucki's opinions were discounted by the ALJ in part because Dr. Borucki's opinions were inconsistent with the doctor's own treatment notes. (*See* Tr. 51-52). Although Dr. Borucki opined that Plaintiff had severe pain and physical limitations (Tr. 246, 418), his treatment notes indicate that upon examination Plaintiff had "no" or "some" tenderness. (Tr. 189-190). Dr. Borucki noted a "fair amount" of back pain in September 2007, which was well after the relevant time period. Dr. Borucki generally treated Plaintiff's pain with over-the-counter medications, NSAIDs, or minimal use of Vicodin. (Tr. 282, 307, 317, 3190. Although Dr. Borucki opined that Plaintiff suffered from a number of mental limitations, he merely noted complaints of anxiety in October 2003 for which he prescribed Xanax. (Tr. 190). Dr. Borucki on numerous occasions wrote that Plaintiff's psychiatric examination was essentially normal. (Tr. 288, 294, 299, 303, 308, 313, 318, and 323). Although medical opinions from after the date last insured may sometimes be probative to a disability determination, these medical opinions must relate back to the relevant period and offer a retrospective opinion on the past extent of an impairment. *See Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987). On the other hand, ALJs may also discount these opinions when they are dated long after the date last

insured and are inconsistent with other opinions from the relevant period. *See Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005).

The ALJ's decision to discount Dr. Borucki's opinions based on the records from the VAMC (*see* Tr. 52) is also supported by substantial evidence. Plaintiff reported on January 6, 2004 that he had some mild low back pain, but it was mostly present in the morning, it got better throughout the day, and Celebrex helped his pain. (Tr. 213). On April 6, 2004, the VAMC records note that Plaintiff's heel fractures were healing and Plaintiff overall felt well. (Tr. 222). Plaintiff reported no pain on September 8, 2004 (Tr. 225), and his pain level was only at a 2 on a scale of 1-10 on April 13, 2005. (Tr. 232). Dr. Borucki's opinion as to Plaintiff's mental impairments is contradicted by depression screening at the VAMC in January 2004 and April 2005 which was reported as negative. (Tr. 215-216, 232).

The ALJ also found that Dr. Borucki's opinions were inconsistent with those of treating orthopedist Dr. Bethea. Dr. Bethea, after examining Plaintiff and reviewing Plaintiff's x-rays, concluded that Plaintiff experienced persistent heel pain that prevented him from walking for prolonged periods, but suggested that Plaintiff consider biking or rowing for exercise. (Tr. 267-268). Such a suggestion is not inconsistent with the ALJ's limitation of Plaintiff to sedentary work and contradicts Dr. Borucki's opinion that Plaintiff was more severely limited.

B.   Credibility

Plaintiff asserts that the ALJ erred in not finding that his testimony concerning the intensity, persistence, and limiting effects of his impairment was credible. In assessing credibility and complaints of pain, the ALJ must: (1) determine whether there is objective

evidence of an impairment which could reasonably be expected to produce the pain alleged by a plaintiff and, if such evidence exists, (2) consider a claimant's subjective complaints of pain, along with all of the evidence in the record. *See Craig v. Chater*, 76 F.3d at 591-92; *Mickles v. Shalala*, 29 F.3d 918 (4th Cir. 1994). Although a claimant's allegations about pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which the impairment can reasonably be expected to cause the pain the claimant alleges he suffers. A claimant's symptoms, including pain, are considered to diminish his or her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4).

The ALJ properly considered Plaintiff's credibility by using the two-part test outlined above and considering the medical and non-medical record. The medical record, as detailed above, supports the ALJ's conclusion that Plaintiff could perform sedentary work. The ALJ's decision to discount Plaintiff's credibility in part because he only required conservative treatment is supported by substantial evidence. As detailed by the ALJ (Tr. 50), Plaintiff's symptoms were alleviated with mild pain analgesics. He did not require frequent inpatient admissions and did not require emergency room treatment since the time of his fall in September 2003. Plaintiff did not require aggressive treatment for his reported mild, occasional back pain.

The ALJ's decision to discount Plaintiff's credibility based on Plaintiff's activities of daily living is supported by substantial evidence. Plaintiff was able to work several

6

hours per week managing rental properties and managed finances (including a stock portfolio) for himself and his mother. (Tr. 15-17, 146). He was the primary caretaker for his mother, taking her to appointments, running errands, and shopping. (Tr. 17, 146, 148). Although he had limitations on his physical activity, he reported going to a gym two to three times a week to ride a recumbent bike and lift weights (Tr. 461), and being able to walk one to four blocks and lift up to 25 pounds (Tr. 150). Plaintiff was able to perform household chores including light dusting, laundry, and gardening with houseplants. He also said that he prepared sandwiches, frozen dinners, and other meals that did not require long periods on his feet. (Tr. 147). Plaintiff also reported engaging in social activities almost daily which included eating out, visiting with friends and family, being a board member for a homeless shelter, and taking care of his mother. He also spent about two hours a week shopping for groceries and household items. (Tr. 149). Plaintiff argues that the ALJ should have found him credible based on his description of his functioning at the October 2008 hearing. The hearing was almost four years after Plaintiff's date last insured. Plaintiff reported activities of living in December 2005 (one year after his date last insured) which are not inconsistent with the ALJ's decision to discount his credibility. Further, even at the time of the October 2008 hearing, Plaintiff testified to activities which were not inconsistent with the ALJ's determination that Plaintiff's pain would not prevent him from performing sedentary work.

    C.    RFC/Combination of Impairments

Plaintiff alleges that the ALJ's finding that Plaintiff could perform the full range of sedentary work is not supported by substantial evidence. He also asserts that the ALJ

failed to consider the combined effect of all of his impairments in assessing his RFC. The Commissioner contends that the ALJ properly determined Plaintiff's RFC, finding that sedentary work accommodated Plaintiff's limitations. Additionally, the Commissioner argues that the ALJ properly consider all of Plaintiff's impairments in combination.

The ALJ properly considered Plaintiff's combination of impairments in determining that Plaintiff had the RFC for sedentary work. Sedentary work involves lifting no more than ten pounds and is generally performed while seated. 20 C.F.R. § 404.1567(a). Standing or walking is not required for more than two hours of an eight hour workday. SSR 83-10. The ALJ discussed each of Plaintiff's severe and non-severe impairments at length (Tr. 48-49) and found that Plaintiff had an RFC for sedentary work based on "the entire record, including...the combined effect of all of the claimant's impairments." (Tr. 52). Plaintiff argues that the ALJ should have found that Plaintiff's RFC was limited to less than sedentary work based on Dr. Borucki's opinions. As discussed above, however, the ALJ properly discounted those opinions. The ALJ's limitation of Plaintiff to sedentary work is supported by the medical record, including the objective medical evidence. It is also supported by Plaintiff's own report that he could lift twenty-five pounds and his reported activities of daily living.

## Conclusion

Accordingly, the denial of benefits is **affirmed** as outlined herein.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

8

February 22, 2011
Charleston, South Carolina

9

February 22, 2011
Charleston, South Carolina